UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JPT Group, LLC** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **Old Navy, LLC,** § | CASE NO: 4:14-cv-02605 | |
| **Old Navy Inc.,** § | | |
| **Old Navy (California) LLC, and** § | | |
| **The Gap, Inc.** § | | |
| Defendants. § | JURY DEMANDED | |

**PLAINTIFF JPT GROUP'S ORIGINAL COMPLAINT**

JPT Group, LLC ("JPT"), for its complaint of patent infringement against defendants The Gap Inc. and its affiliates Old Navy, LLC, Old Navy Inc., and Old Navy (California) LLC (collectively the "Old Navy Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. JPT owns the Bernardo brand ("Bernardo"). Bernardo is an iconic American fashion brand. Since 1946, the Bernardo brand has inspired the women's sandal market with its sophisticated and inspirational designs. Today Bernardo's sandal designs are among the most distinctive and well-known in the footwear industry. Bernardo's patented designs are the result of significant investments in the Bernardo brand, innovative design work and product development.

2. The Old Navy Defendants have copied the innovative designs of the Bernardo brand and engaged in mass production and distribution of infringing products under the Old Navy brand name. Rather than undertaking their own independent development, the Old Navy Defendants

slavishly copied Bernardo's innovative designs, violating JPT's valuable intellectual property rights embodied by Bernardo branded products.

## THE PARTIES

3.     Plaintiff JPT is a Delaware limited liability company having a principal place of business in Winter Park, Colorado.

4.     On information and belief, Old Navy, LLC is a Delaware limited liability company with its principal place of business at 2 Folsom Street, San Francisco, CA.

5.     On information and belief, Old Navy Inc. is a Delaware corporation with its principal place of business at 2 Folsom Street, San Francisco, CA.

6.     On information and belief, Old Navy (California) LLC is a Delaware limited liability company with its principal place of business at 2 Folsom Street, San Francisco, CA.

7.     On information and belief, The Gap Inc. is a Delaware Corporation with its principal place of business at 2 Folsom Street, San Francisco, CA.

## JURISDICTION & VENUE

8.     This action arises under the patent statutes of the United States, 35 U.S.C. § 271 *et seq*. Accordingly, the Court has federal question jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

9.     The court has personal jurisdiction over the Old Navy Defendants because they have conducted, and do conduct, business within the State of Texas through "Old Navy" branded retail stores located within the State of Texas, including approximately twenty-five in this District.

10.    Upon information and belief, the Old Navy Defendants have existing business relationships in Texas and have purposefully directed business activities to Texas consumers through their Old Navy branded retail stores and their website (www.oldnavygap.com).

11. Upon information and belief, the Old Navy Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 and have and continue to purposefully place infringing products into the stream of commerce. Upon information and belief, the Old Navy Defendants, either directly or through distributors, franchisees and/or others, ship, distribute, offer for sale, sell and market products in the United States, the State of Texas and this District. Upon information and belief, the Old Navy Defendants expect their actions to have consequences within this District and derived substantial revenue from the sale of infringing products in interstate commerce and this District.  The acts by the Old Navy Defendants caused injury to JPT within this District.

12. Venue is properly within this District in accordance with 28 U.S.C. § 1391 (b) and (c) and § 1400 (b).

## FACTS AND BACKGROUND

**The JPT Patents**

13. On September 14, 2004, United States Patent No. D495,855 (the "'D855 Patent") was duly and legally issued.  A copy of the 'D855 Patent is attached as <u>Exhibit A</u> and incorporated herein.

14. On August 16, 2005, United States Patent No. D508,305 (the "'D305 Patent") was duly and legally issued. A copy of the 'D305 Patent is attached as <u>Exhibit B</u> and incorporated herein.

15. The above referenced patents relate to ornamental designs, as claimed in each patent. JPT owns all right, title and interest in and to the 'D855 and 'D305 patents (collectively, the "JPT Patents") by assignment dated February 11, 2014.

**The Old Navy Defendants Infringe the JPT Patents**

16. As the representative side-by-side comparisons shown below reveal, the Old Navy Defendants have misappropriated JPT's patented sandal designs in the accused products, including through the Old Navy branded sandals depicted below (each an "Accused Product" and collectively, the "Accused Products").

| **'D855 Patent** | **Old Navy #897801** |
|---|---|
|  FIG. 1 |  |
| **'D305 Patent** | **Old Navy #841032** |
|  FIG. 4 |  |

17. On information and belief, at least some of Old Navy's infringing sandals bear style number 897801.

18. On information and belief, at least some of Old Navy's infringing sandals bear style number 841032.

19. On information and belief, the Old Navy Defendants contracted with suppliers to have manufactured in China large volumes of the Accused Products that were to be sold in the U.S., Texas and this District. Shortly after manufacturing, the Old Navy Defendants began importing

the Accused Products into the U.S., Texas and this District for sale in Old Navy branded retail stores and their website.

20.  On information and belief, several, if not all or substantially all, of the Old Navy Defendants' have prominently displayed the Accused Products in their retail store locations and marketed them on their company website.

21.  On information and belief, the Old Navy Defendant's carried and promoted multiple styles and colors of Accused Products under the Old Navy brand name during spring and summer seasons.

22.  On further information and belief, the Old Navy Defendant's have sold significant volumes of the Accused Products through the Old Navy Defendant's sales and distribution channels throughout the U.S., Texas and this District.

23.  JPT has complied with the statutory requirement of placing a notice of the JPT Patents on its products that embody the JPT Patents.  On information and belief, the Old Navy Defendants had notice of the infringement through its design process of the Accused Products based on the Bernardo sandals and JPT Patents.

## Patent Infringement

24.  JPT incorporates herein the allegations set forth in Paragraphs 1 through 23 above.

25.  Under 35 U.S.C. §§ 271 *et seq.*, the Old Navy Defendants, either alone or in concert with each other, have infringed the JPT Patents by the manufacture, use, sale, offer for sale, and importation of Old Navy branded Accused Products or alternatively by contributing or inducing others to manufacture, use, sell, offer for sale, or import the Old Navy branded Accused Products, literally and/or under the doctrine of equivalents.

26.  Upon information and belief, the Old Navy Defendants, either alone or in concert with each other, have applied the design of the JPT Patents, or a colorable imitation thereof, to the Old

Navy branded Accused Products for the purpose of sale, and/or selling or exposing for sale the Old Navy branded Accused Products.

27. On information and belief, the Old Navy Defendants, alone or in concert with each other, will continue to infringe the claims of the JPT Patents unless enjoined by this Court.

28. JPT has been damaged and will continue to be damaged by the Old Navy Defendants' infringing acts.

29. On information and belief, the Old Navy Defendants were actually aware of the JPT Patents patent and willfully committed acts of infringement.

## JURY DEMAND

30. JPT demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, JPT prays the Court to:

(a) grant a permanent injunction against the Old Navy Defendants' continued infringement;

(b) award damages for the Old Navy Defendants' infringement of the JPT Patents under 35 U.S.C. § 284 or § 289;

(c) in the event JPT elects to collect damages under 35 U.S.C. § 284, find that the Old Navy Defendant's infringement has been willful and increase such damages to three times the awarded amount;

(d) award prejudgment and post judgment interest;

(e) find that this case is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees;

(f) award costs; and

    (g)    grant all other relief to which JPT is entitled.

Date: September 10, 2014

        Respectfully submitted,

        /s/ J. Reid Bumgarner
        J. Reid Bumgarner
        State Bar No. 24053118
        Bumgarner Law P.C.
        3050 Post Oak Boulevard, Suite 640
        Houston, Texas 77056
        Telephone:  713/893-7255
        Email: jrb@bumgarnerpc.com

        For Plaintiff JPT